IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRELL DAVIS, )
 )
              Petitioner, )
 )
v. )   Case No. 25-3140-JWL
 )
Warden, FCI-Leavenworth, )
 )
             Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation of his federal sentence. For the reasons set forth below, the Court **denies** the petition.

In March 2013, petitioner was sentenced in the United States District Court for the Eastern District of Missouri to a total term of imprisonment of 147 months, as follows: 63 months each on counts of bank robbery and being a felon in possession of the firearm, with those two sentences to run concurrently; and 84 months on a count of possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c), with that sentence to run consecutive to the sentences for the other two counts. The sentencing court was silent with respect to whether that federal sentence would run concurrent with or consecutive to any future state-court sentence. In June 2013, petitioner was sentenced in state court to a total term of imprisonment of 15 years. In June 2024, after he completed his state sentence, petitioner was taken into federal custody, and he is now imprisoned

within this judicial district. The federal Bureau of Prisons (BOP) has calculated petitioner's present term of imprisonment based on the position that petitioner began to serve his 84-month sentence under Section 924(c) in 2024 after he completed the state sentence.

In his present petition, petitioner argues that his federal sentencing court intended that his entire federal sentence run concurrently with his later-imposed state sentence, and that he has therefore completed any federal sentence and is thus entitled to release. Respondent has filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

As an initial matter, the petition is subject to dismissal because of a failure to exhaust. Respondent has submitted evidence that petitioner has not completed any of the mandated steps to exhaust his administrative remedies. Petitioner states in his petition that he filed one administrate appeal but that it would be "fruitless" to file further appeals because the BOP erroneously denied the first appeal as untimely. He further argues in his reply brief that exhaustion would be futile because the BOP had already rejected his position. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Petitioner has not shown, however, that he could not have obtained relief by completing the mandated steps for seeking administrative relief, including with respect to any issue of untimeliness. The Court need not decide the case on this basis, however, in light of its conclusion that the petition fails on its merits. *See Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits).

Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner argues here that the BOP unlawfully refused to administer his federal sentence as having been served concurrently with his state sentence. The Court disagrees.

Petitioner argues that the BOP has improperly relied on 28 U.S.C. § 3584(a), which sets forth a general rule that, unless a court rules otherwise at sentencing, sentences imposed at the same time run concurrently while sentences imposed at different times run consecutively. *See id.* As petitioner notes, the Supreme Court has held that Section 3584(a) does not cover a situation in which a federal sentencing court is silent concerning a yet-to-be-imposed state sentence. *See Setser v. United States*, 566 U.S. 231, 234-35 (2012). The resolution of this case, however, does not depend on any application of Section 3584(a).

Instead, petitioner's claim is doomed by application of Section 924(c) itself, which includes the following directive: "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." *See* 18 U.S.C. § 924(c)(1)(D)(ii). Thus, when the federal court sentenced petitioner, it allowed the sentences on two of the counts to run concurrently, but it ordered the 84-month sentence under Section 924(c) to run consecutively with respect to the other two counts. Petitioner argues (without citation to authority) that this provision mandates that the sentence run

consecutive only to other *federal* terms of imprisonment. The Supreme Court has explicitly rejected that argument, however, holding as follows: "In sum, we hold that the plain language of 18 U.S.C. § 924(c) forbids a federal court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *See United States v. Gonzales*, 520 U.S. 1, 11 (1997). Thus, the BOP was prohibited from administering petitioner's federal sentence in such a way that would result in the Section 924(c) sentence running concurrently with petitioner's state sentence.

Petitioner is also incorrect in arguing that his sentencing judge intended for all three of his federal sentences to run concurrently with his later-imposed state sentence. In 2019, the BOP sought guidance from the sentencing judge in determining whether retroactively to designate the place where petitioner was serving his state sentence as a place where petitioner was concurrently serving his federal sentence. The BOP stated in its letter to the judge that if the judge indicated an intent that the federal sentences run concurrently with any later-imposed state sentence, it would commence the "mandatory consecutive 84-month term" upon petitioner's release from state custody, in order to maintain the integrity of the Section 924(c) directive; but that if the judge indicated an intent that the federal sentences run consecutive to the state sentence, petitioner's entire 147-month federal sentence would commence upon the completion of petitioner's state sentence. Thus, in essence, the BOP was asking the judge to make a recommendation solely with respect to the 63-month portion of the total federal sentence, and not the 84-month portion under Section 924(c). Accordingly, when the judge responded that he had intended that the federal and state sentences run concurrently, he was not referring to the Section 924(c)

4

sentence. Indeed, even if he had wanted the Section 924(c) sentence to run concurrently with the later-imposed state sentence, the sentencing judge could not have imposed such a sentence, as Section 924(c), as interpreted by the Supreme Court, forbids it. Accordingly, the BOP properly declined to make a retroactive designation under Section 3621(b) that would have allowed the Section 924(c) sentence to run concurrently with the state sentence. *See Setser*, 566 U.S. at 237-38 (BOP may not use its authority under Section 3621(b) to achieve a result different from that mandated by an applicable statute).

Finally, the Court rejects petitioner's request for application of the rule of lenity. That rule applies only if a statute remains grievously ambiguous after application of tools of construction, *see Brown v. United States*, 602 U.S. 101, 122 (2024), and there is no such ambiguity here.

For these reasons, petitioner has failed to show that the BOP has administered his federal sentence in violation of federal law, and the Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of September, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5